## S. BIRCH & SONS CONSTRUCTION COMPANY, a Corporation, Appellant, v. CITY OF FARGO, a Municipal Corporation, et al., Respondents.

(167 N. W. 390.)

City commissioners — contract for paving — payment of price — mandamus to compel — duty of commissioners — specific performance of — mandamus will only lie for — pleading — demurrer.

This is a suit for a mandamus to compel the city commissioners to pay on the contract price of a pavement a balance of 15 per cent which has been retained pursuant to the paving contract. However, under the plain words of the statute the writ of mandamus may be issued to the city commissioners only

"to compel a specific performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station."

Manifestly there is no claim that the city commissioners have neglected the performance of a duty which the law specifically enjoins on them. Hence, the order sustaining the demurrer is affirmed.

Opinion filed April 10, 1918.

Appeal from an order of the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Plaintiff appeals.

Affirmed.

*Engerud, Divit, Holt, & Frame,* for appellant.

*W. H. Fargo (Spalding & Shure,* of counsel), for respondents.

ROBINSON, J.   This is an appeal from an order sustaining a demurrer to the complaint.   As it shows plaintiff made a paving contract with the city of Fargo, and did paving on which he received 85 per cent of the contract price, amounting to $102,300.   The balance 15 per cent, $17,999.18, remains unpaid.   The contract provides as follows: "Monthly estimates will be given by the engineer of value of work actually constructed and in its permanent place, and certificates for 85 per cent of estimated value of the work done will be issued, the remaining 15 per cent to be reserved until the completion of the whole work." Under the contract work may be suspended by the engineer, and he has directed the suspension of all work on First avenue for the reason that the recent construction of a sewer has made the avenue unfit for paving until the ground settles, which may not be until the middle of next summer.

The plaintiff has duly completed all the work except the pavement on First avenue, and has requested the city commissioners to pay the 15 per cent retained.   This they have failed to do because they doubt the right and legal authority to do it.   There is no showing that the commissioners have ever passed a resolution to take any official action in regard to the pavement, and by their city attorney they have appeared and opposed the motion for a mandamus.   The demand of the complaint is that a peremptory writ issue directing the city commissioners to issue to Birch & Sons warrants on the paving district for the unpaid 15 per cent, amounting to $17,999.18.   The contract in regard to the manner of making payments accords with the statutes in Comp. Laws

1913, § 3710. "In case the contractor to whom any such contract shall be let shall properly perform the work therein designated, the city council may, from time to time in its discretion, as the work progresses, pay to such contractor upon an estimate made by the city engineer of the amount already earned thereunder, 85 per cent of the amount shown by such estimate to have been so earned, in warrants drawn on the fund from which the same is to be paid."

Thus it appears that the city has justly complied with its written contract, and the plaintiff has no cause of action against it, but it is urged that the enforced delay in completing the work is a damage to the plaintiffs, and that the city commissioners are quite willing to pay the 15 per cent if this court would only issue a mandamus directing them to do it, and clearly indicated that it is right and proper for them to make such payment.

However, under the plain words of the statute the writ of mandamus may be issued to the city commissioners only "to compel a specific performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." Comp. Laws, § 8457.

Manifestly there is no claim that the city commissioners have neglected the performance of a duty which the law specifically enjoins on them. Hence, the order sustaining the demurrer must be affirmed.